UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TONYA M. BAUMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-1385-LJM-JMS |
| | ) | |
| THE FINISH LINE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS COMPLAINT
AND COMPEL ARBITRATION**

**I.    Introduction**

The defendant moves to dismiss and compel arbitration on the sole ground that the defendant had the plaintiff sign a vague and hard to read statement about arbitration that did not provide any effective date. The details of the supposed agreement show that even if it had stated an effective date, it is not an enforceable agreement to waive the rights enacted by Congress for Title VII discrimination claims.

**II.    Statement Of Relevant Facts**

The Plan shows on its face that it has no effective date. [Plan, paragraph 20.] Even if the Plan had been effective during the dates of the facts of this case, the Defendant has been on notice of Plaintiff's claim for many months, and the Defendant has not filed a demand for arbitration as required by the Plan. [Plan, paragraph 6.] Even if the Plan had been effective during the dates of the facts of this case, and even if the Defendant had filed a demand for arbitration of the claim, the Plan is contrary to The Civil Rights Act of 1964 as amended.

### III.     Argument and Authorities

A.     **The Plan is Not An Effective Enforceable Agreement To Arbitrate.**

    1.     **The Parties Have Not Entered Into A Binding Agreement Under Indiana Law.**

The details of the arbitration Plan show on its face that it had no effective date. [Plan, paragraph 20.] By the terms of the Plan, it was not effective during the acts in this case. Furthermore, since the Defendant did not provide an effective date for the Plan, there was no consideration provided by the Defendant. The Defendant cites decisions which found that a corporate dispute resolution policy incorporated in another document may provide consideration, but in this case, the Plan provided no effective date to the employee and provided no effectiveness or consideration. *See, DeGroff v. MascoTech Forming Technologies-FortWayne, Inc.*, 179 F.Supp.2d 896, 902 (N.D.Ind. 2001). The Defendant has argued that in the *DeGroff* case, "plaintiff's application specifically incorporated by reference the corporate dispute resolution policy, which in turn contained the employer's promise to be bound by the arbitrator's decision." In the case of Tonya Baumann, there was no such promise to her or any effective Plan.

    2.     **Plaintiff's Claims Are Not Covered By The Plan**

The Plan had no effective date, and so, plaintiff's claims are not covered by the Plan.

    3.     **Finish Line Did Not Demand Arbitration**

Even if the Plan had an a effective date, Finish Line has known of these claims for many months, and Finish Line did not follow the Plan by initiating proceedings by filing a written notice of intention to Arbitrate as provided by paragraph 6 of the Plan.

**B.     The Plan Violates Title VII Of The Civil Rights Act of 1964 As Amended.**

Even if the Plan had an effective date, and even if the Defendant had filed a written notice of an intention to arbitrate as required by paragraph 6 of the Plan, the details of the Plan provide that the employee shall equally share the cost of any filing fee and fees and costs of the arbitrator up to the greater of $10,000 or 10% of the amount in controversy. [Plan, paragraph 13.] It further provides that each party shall deposit funds or post other security for its share of the arbitrator's fee in an amount to be determined by the arbitrator ten days before the first day of the hearing. Such provisions make the supposed agreement unenforceable with regard to Title VII discrimination claims which Congress provided that employees may bring without having to pay a judge or arbitrator. *Shankle v. B-G Maintenance of Colorado, Inc.*, 163 F.3d 1230 (10th Cir. 1999); *Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465 (D.C.Cir. 1997).

The allegations of the complaint show that plaintiff was not a high paid employee, but rather, that she was hired as a temporary call center employee and then as a permanent employee by the defendant in the latter part of 2007 and early 2008, and that the employer terminated her when she was pregnant. She was only paid by the employer for a few months. Such an employee obviously cannot afford to pay more than the court filing fee that she has already paid. Requiring costs from the employee deprives her from pursuing her complaint of discrimination.

Even in cases which do not involve Congressional statutes, but rather, common-law claims, the courts have held that such provisions make the purported agreement unconscionable. *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257, 1294 (9th Cir. 2006).

The plan also provides that each party shall bear its own costs and attorneys' fees. It further provides that the arbitrator may award attorneys fees and costs to the prevailing party in

accordance with the terms of the plan, which is contrary to the federal law on discrimination, which requires that prevailing plaintiffs be awarded attorney fees and costs. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 522-523 (1994). Federal law requires the award of attorney fees to a prevailing plaintiff, not leaving the award of attorney fees to the whim of the court or an arbitrator. *Id.*

Federal law under Title VII further provides for the award of attorney fees and costs against a plaintiff only if a suit is without foundation, unreasonable, frivolous, meritless, or vexatious. *Christianburg Garmet Co. v. EEOC*, 434 U.S. 412, 414 n. 12 (1978); *EEOC v. Consolidated Service Systems*, 30 F.3d 58, 59 (7th Cir. 1994). The supposed agreement violates all of these mandates of the federal law.

The details of the Plan also require the initiation of arbitration proceedings within a different statute of limitations, which is contrary to mandates of Congress in Title VII and the EEOC Notices of Right to Sue in the United States District Courts. Plan, paragraph 6; 42 U.S.C. 2000e-5(f)(1). If the Plan had ever been given an effective date, it would have denied parties substantive rights when they followed the explicit instructions of Congress to file a complaint in the Unite States District Court within 90 days of receipt of the notice of right to sue. The Plan, instead, requires parties to file a written notice of demand with an unspecified "regional office of the AAA," contrary to the instructions of Congress and the EEOC. If the employees followed the instructions of Congress and the EEOC to file a lawsuit in the United States District Court within 90 days of the EEOC Notices of Right to Sue, they would be too late to file with an unspecified "regional office of the AAA" with the Plan's statute of limitations.

An example of the employer's denial of the statutory and regulatory rights of the

employees is the employer's claim that plaintiff has breached her agreement to arbitrate by filing a lawsuit as instructed by the statute, regulations, and the EEOC notices of rights to sue. [Def. MTD, p. 3.] It is unconscionable for an employer to charge employees with breach of an agreement when the employees have followed the statutes, regulations, and written mandatory instructions of the governmental agency having jurisdiction over the matter. The employees are repeatedly told by Congress, the EEOC and by employers that they will lose their rights unless they file a complaint in the United States District Court within 90 days of receipt of the EEOC notice of right to sue. Then, when they follow the law and the explicit instructions of the proper authorities, this employer accuses the employee of breaching an alleged agreement. The totality of the alleged agreement and the actions of the employer are unconscionable. The employer may view this agreement and the employee's situation as a wonderful no-win situation for its employees, but that is evidence that it is unconscionable. The statutory provisions, regulations, and agency instructions are difficult enough for employees to try to follow, let alone be confronted with allegations that when the employees do follow them, they are accused of breaching a supposed agreement.

      The Plan also lacks consideration in another respect. It states that its consideration is for the Company to give up its rights to litigate against employees before the courts or other bodies. However, in Title VII, Congress did not give employers rights to litigate against employees. Congress gave employees rights to litigate against employers. Additionally, the Plan exempts from arbitration the claims that companies usually make against employees, namely injunctive and/or other equitable relief for unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential information or civil actions ancillary to criminal proceedings. The

only claim of employees that the Plan exempts is for worker's compensation benefits or unemployment compensation benefits, which are ordered by the state commission with exclusive jurisdiction which the Plan would not take away in any event. Thus, the Plan fails for lack of consideration on the part of the Company, because the Company deprives the employees of their rights to go to court, but the Company gives up no meaningful consideration to the employees. *Davis v. O'Melveny & Myers*, 485 F.3d 1066 (9th Cir. 2007). It is a worthless "bargain" for the employees with no bargaining allowed by them.

     The employer cites the Federal Arbitration Act, but that Act did not sanction such unconscionable behavior, and legislation in Congress is clarifying that Act. This case is a good example of the abuses perpetrated by employers which gave rise to the legislation.

     For all of the foregoing reasons, there is no effective date of the Plan and even if there had been, the alleged agreement is unenforceable. The defendant's motion to dismiss and compel arbitration must be denied.

                                          Respectfully submitted,

                                          s/Richard L. Darst
                                          Cohen Garelick & Glazier
                                          8888 Keystone Crossing Boulevard
                                          Suite 800
                                          Indianapolis, Indiana  46240-4636
                                          Telephone (317) 573-8888
                                          Facsimile  (317) 574-3855
                                          Email rdarst@fed-law.com

<u>Certificate of Service</u>

I certify that a copy of the foregoing was filed electronically on the 2nd day of December, 2008. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Kenneth J. Yerkes
    <u>kyerke@btlaw.com</u>
    Kannesson I. Murphy
    <u>hmuprhy@btlaw.com</u>
    Barnes & Thornburg LLP
    11 South Meridian Street
    Indianapolis, Indiana  46204

                                            s/Richard L. Darst