UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TONYA M. BAUMANN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1385-LJM-JMS |
| | ) | |
| THE FINISH LINE, INC., | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND
DEFENDANT'S MOTION FOR LEAVE TO FILE SHORT SURREPLY ADDRESSING
NEW EXHIBITS AND ARGUMENTS SUBMITTED WITH THE REPLY IN SUPPORT
OF PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

This matter is before the court on plaintiff's, Tonya M. Baumann ("Plaintiff"), Motion

for Relief from Judgment (Dkt. No. 35). Plaintiff seeks to set aside, under Fed. R. Civ. P.

60 ("Rule 60"), the Court's August 26, 2009 Order on Defendant's Motion for Summary

Judgment ("the SJ Order"), which granted summary judgment to defendant, The Finish

Line, Inc. ("Defendant"). In the SJ Order, the Court dismissed without prejudice Plaintiff's

sex discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"),

concluding that Plaintiff's claim was subject to a valid and binding arbitration agreement.

Dkt. No. 25. Also pending before the Court is Defendant's Motion for Leave to File Short

Surreply Addressing New Exhibits and Arguments Submitted with the Reply in Support of

Plaintiff's Motion for Relief from Judgment ("Motion for Leave") (Dkt. No. 41). The Court

has considered the parties' arguments, and for the following reasons, Plaintiff's Motion for

Relief from Judgment (Dkt. No. 35) is **DENIED**. Defendant's Motion for Leave (Dkt. No. 41)

is **DENIED AS MOOT**.

## I.  FACTS AND PROCEDURAL HISTORY

The facts concerning Plaintiff's employment with Defendant are set out in the SJ Order.  On October 24, 2008, Plaintiff filed suit in this Court alleging violations of Title VII. Dkt. No. 1.  Defendant filed a Motion to Dismiss, contending that Plaintiff had agreed to binding arbitration of any claims against Defendant when she accepted employment.  Dkt. No. 6.  At the time of Defendant's motion, Defendant had not filed an answer, and no discovery had been conducted.  The Court converted Defendant's Motion to Dismiss into a Motion for Summary Judgment.  Dkt. No. 25 at 1.

In the SJ Order, the Court concluded that Plaintiff agreed to arbitrate any claims she had against Defendant, including Title VII claims, under the process set forth in the Finish Line, Inc. Employee Dispute Resolution Plan ("the Plan").  Dkt. No. 25.  The Court noted that as part of her application for employment, Plaintiff signed an "Applicant Statement" that read:

> *I agree that I will settle any and all previously unasserted claims, disputes or controversies arising out of or relating to my application or candidacy for employment and/or cessation of employment with The Finish Line, Inc., exclusively by final and binding arbitration before a neutral arbitrator.* By way of example only, *such claims include* claims under federal, state, and local statutory or common law, such as . . . *Title VII of the Civil Rights Act of 1964,* as amended, including the amendments of the Civil Rights Act of 1991 . . . Complete details of my agreement to submit these claims to arbitration are contained in The Finish Line, Inc. Employee Dispute Resolution Plan, which has been made available for my review prior to the execution of this application.
>
> *I have read and understand the above paragraph and have voluntarily agreed to it.*

*Id.* at 2 (emphasis added).  The Court concluded that Plaintiff's signature on the Applicant Statement established Plaintiff's consent to arbitration in accordance with the Plan.  *Id.* at

6. The Court also concluded that the Plan was valid under Indiana law. *Id.* at 7–11. Consequently, the Court concluded that Plaintiff's claims were subject to arbitration, dismissed her complaint without prejudice, and ordered the parties to submit to arbitration in accordance with the Plan. *Id.* at 12.

On September 25, 2009, Plaintiff appealed the SJ Order to the Seventh Circuit. Dkt. No. 27. As of now, the Seventh Circuit has not issued an opinion on Plaintiff's appeal.

On June 7, 2010, Plaintiff filed a Motion for Relief from Judgment in this Court. Dkt. No. 35. In her brief supporting the motion, Plaintiff contends that new evidence has been discovered since the Court issued the SJ Order. Dkt. No. 36 at 1. She also contends that Defendant committed fraud, misrepresentation, or other misconduct in the filings leading up to the SJ Order.[1] *Id.* In particular, Plaintiff contends that deposition testimony of two of Defendant's employees, supervisors Tiffanie Goings ("Goings") and Michael Ferguson ("Ferguson"), that they had never been given copies of the Plan contradicts the affidavit of Defendant's Vice President of Corporate Human Resources, Cindy Lorentson Cook ("Cook"), Dkt. No. 6, Tab A ("Cook's affidavit"), that the Plan had been "made available" to Plaintiff before she signed acknowledgments indicating receipt of the Plan and her understanding of its contents. Dkt. No. 36 at 2–4. Plaintiff also contends that Defendant's insistence that Plaintiff received a copy of the Plan constitutes misrepresentation to the Court that resulted in wrongful entry of the SJ Order. Dkt. No. 36 at 10–11. The Court adds below additional facts as needed.

---

[1] In responding to Defendant's opposition to her motion, Plaintiff attempts to assert arguments in favor of having the Court, rather than an arbitrator, adjudicate her claims. *See, e.g.,* Dkt. No. 42 at 2 (arguing that a court is more capable of resolving discovery disputes than an arbitrator). However, disagreement with the outcome of a judgment, without more, is not a basis for relief under Rule 60. *Cf.* Fed. R. Civ. P. 60(b) (listing permissible bases for relief under Rule 60). Such arguments are appropriate for the Court of Appeals, not this Court, and will not be considered in evaluating Plaintiff's Rule 60 claim.

## II. STANDARD

The filing of an appeal deprives the district court of jurisdiction over a case. *Boyko v. Anderson*, 185 F.3d 672, 674 (7th Cir. 1999). Therefore, a district court may not grant any further motions or hold hearings in a matter that has been appealed. *Id.* at 674–75. When a party files a motion under Rule 60 while an appeal is pending, the district court may not grant the motion, although it may deny the same. *Id.* at 675. If the district court believes that the motion has merit, it should issue a short memorandum so the Court of Appeals can be informed of the district court's view and take appropriate action, such as remanding the case. *Id.*

Under Rule 60, a party may seek relief from a final judgment for numerous reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Fed. R. Civ. P. 59(b)" and "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b). Relief under Rule 60 "is an extraordinary remedy that is to be granted only in exceptional circumstances." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999).

## III. DISCUSSION

### A. NEWLY DISCOVERED EVIDENCE

To prevail on the basis of newly discovered evidence, the movant must show that (1) the evidence was discovered after final judgment, (2) due diligence would not have discovered the new evidence prior to entry of judgment, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the evidence is such that

4

reconsideration probably would produce a new result. *In re Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 78 F.3d 285, 293–94 (7th Cir. 1996).

Plaintiff's "newly discovered evidence" is the deposition testimony of Goings and Ferguson that they had not seen or been given copies of the Plan. Dkt. No. 36-1 ("Goings Dep.") at 164–66; Dkt. No. 36-2 ("Ferguson Dep.") at 86. Indeed, neither Goings nor Ferguson knew what the Plan was. Goings Dep. at 164–66; Ferguson Dep. at 92. However, this evidence clearly does not meet the prerequisites for relief based on newly discovered evidence.

Plaintiff has brought forth nothing to suggest that this evidence was not available prior to the SJ Order. Plaintiff contends that because discovery had not begun at the time of the SJ Order, she could not have discovered this evidence sooner. Dkt. No. 36 at 8–9. However, if Plaintiff believed she could not oppose summary judgment adequately without discovery, she should have filed an affidavit explaining why discovery was necessary and requested a continuance to conduct discovery pursuant to Fed. R. Civ. P. 56(f). *See Microsoft Corp. v. Rechanik*, 249 F. App'x 476, 479 (7th Cir. 2007). Plaintiff must accept the consequences of failing to request the discovery she now argues was necessary. *See Zayre Corp. v. S.M. & R. Co.* 882 F.2d 1145, 1149 (7th Cir. 1988) (party cannot use lack of discovery to overturn grant of summary judgment when the party took no steps to obtain the discovery).

Additionally, the purported new evidence is of only limited materiality. Plaintiff asserts that the evidence is relevant to contradict the statement in Cook's affidavit that the Plan was made available to Plaintiff. However, the evidence does not speak to the issue

of whether Plaintiff received the Plan.[2]  The experiences of Goings and Ferguson regarding availability of the Plan do not invariably require the conclusion that the Plan was not available to Plaintiff.  Additionally, as the Court noted in the SJ Order, even if the Plan was not available, Plaintiff was still bound by the Applicant Statement, which required arbitration.[3]  Given the limited materiality of the new evidence, Plaintiff has not shown that the new evidence probably would produce a new result.  Therefore, the court concludes that Plaintiff's Motion for Relief from Judgment on the basis of newly discovered evidence is without merit.


## B.  FRAUD, MISREPRESENTATION, OR MISCONDUCT OF OPPOSING PARTY

To prevail on a claim of fraud, misrepresentation, or misconduct, the moving party must show that (1) it maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation, or misconduct of the adverse party (3) it was prevented from fully and fairly presenting its case.  *Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 726 (7th Cir. 1996).  A party seeking relief on this ground must prove fraud, misrepresentation, or misconduct by clear and convincing evidence.  *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995).  Plaintiff has not met this standard.  Plaintiff claims that Defendant's insistence, consistent

---

[2]  Plaintiff presented no evidence in opposition to summary judgment suggesting that she had not received the Plan apart from statements to that effect in the response brief.  *See* Dkt. No. 12.  Courts disregard unsupported factual assertions in motions and briefs because such statements are not evidence.  *See United States v. Hoover*, 246 F.3d 1054, 1064 (7th Cir. 2001).  Therefore, the only admissible evidence on the issue available to the Court was Cook's uncontradicted affidavit stating that the Plan was made available to Plaintiff prior to executing her employment application.  Dkt. No. 6, Tab A, ¶ 6.  The Court notes that Cook's affidavit does not state that the Plan was made available to any other employees, only that it was made available to Plaintiff.

[3]  Plaintiff contends that the Applicant Statement itself is dependant on receipt of the Plan.  Dkt. No. 36 at 3.  However, the Court rejected that contention in the SJ Order.  Dkt. No. 25 at 6.  The Applicant Statement, even without any reference to the Plan, still requires the employee to agree to "settle any and all . . . claims . . . exclusively by final and binding arbitration."  *Id.* at 2.

with statements in Cook's affidavit, that the Plan was "made available" to Plaintiff amounts to misrepresentation. Dkt. No. 36 at 10–11. This claim appears largely to be based on Goings's and Ferguson's statements that they were not given copies of the Plan. *Id.* However, Plaintiff has not shown by clear and convincing evidence that Defendant acted fraudulently when it relied on Cook's affidavit to support its contention that the Plan was made available to Plaintiff. Indeed, Plaintiff has not even presented sufficient evidence for the Court to conclude that Cook's statement is a misrepresentation. Therefore, the Court concludes that Plaintiff's Motion for Relief from Judgment due to Defendant's fraud, misrepresentation, or misconduct is without merit.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from Judgment (Dkt. No. 35)

is **DENIED**.  Because no further briefing is required on the Motion for Relief from Judgment,

Defendant's Motion for Leave (Dkt. No. 41) is **DENIED AS MOOT**.

IT IS SO ORDERED this 20th day of September 2010.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Richard L. Darst
Cohen, Garelick & Glazier
rdarst@cgglawfirm.com

Hannesson Ignatius Murphy
Barnes & Thornberg LLP
hmurphy@btlaw.com

Kenneth J. Yerkes
Barnes & Thornberg LLP
ken.yerkes@btlaw.com